**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark David Brown,<br><br>    Plaintiff,<br><br>v.<br><br>Alfred B. Guinee, et al.,<br><br>    Defendants. | No. CV-19-00415-TUC-DCB<br>(Lead case) |
| Vernon Edward Peltz,<br><br>    Plaintiff,<br><br>Alfred B. Guinee, et al.,<br><br>    Defendants. | No. CV-19-00418-TUC-DCB<br>(Consolidated case)<br><br>**ORDER** |

Plaintiffs filed these actions, arising from the same event that transpired on May 30, 2018, when Plaintiffs allegedly went to the customer service room at the Tucson City Court to make a documentary film reflecting the alleged abuse Anthony Potter suffered when trying to obtain motion forms. The Plaintiffs allege they were illegally seized and detained by Defendants. Plaintiff Peltz alleges his property, cell phone, was illegally seized. Plaintiff Brown alleges that excessive use of force was employed during his seizure. The

Defendants are the same, except Plaintiff Brown adds Keith Miranda and Harrison Still, and Plaintiff Peltz adds Noe Mendoza.

The Defendants removed both actions on August 22, 2019. Defendants seek to consolidate the actions and report the Plaintiffs have no objection. Defendants also seek an extension of time to file responsive pleadings to the Complaints, pending a ruling by the Court regarding consolidation.

The Court, having the lowest case number rules on the question of consolidation. LRCiv. 42.1(b). Accordingly, this Court finds that consolidation is appropriate pursuant to Fed. R. Civ. P. 42(a) because the actions involve common questions of law and fact. The case pending before the Honorable James A. Soto is transferred to this Court for the same reasons. "When two or more cases are pending before different Judges, a party in any of those cases may file a motion to transfer[1] the case or cases to a single Judge on the ground that the cases: (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges." LRCiv. 42.1(a).

Having consolidated the cases, the Court vacates the Order entered in CV 19-418 TUC JAS granting a 45-day extension of time for Defendants to file an Answer or otherwise respond to Plaintiff Peltz's Complaint. Plaintiffs filed their actions in state court and served the Defendants, who subsequently sought an extension of time to Answer until August 23, 2019. Upon removal on August 22, 2019, the Defendants had 7 days to answer the Complaints. Fed. R. Civ. P. 81(c)(2)(C). As noticed on both cases, this Court is participating in the Mandatory Initial Discovery Pilot (MIDP), and the cases are subject to the pilot program. (CV 19-415 TUC DCB (Doc. 3); CV 19-418 TUC JAS (Doc. 3)). The MIDP precludes the Court from granting a 45-day extension of time; pursuant to MIDP ¶ A.5, the Court may grant a one-time extension of up to 30 days to respond to the complaint

---

[1] The Court treats the Motion to Consolidate as including a request for transfer.

upon a showing that a defendant cannot reasonably respond to a complaint within the time set forth in Rule 12(a). The Court grants such an extension of time, with responsive pleadings due by September 29, 2019. The parties shall note that their MIDP Initial Responses are due no later than 30 days after the first responsive pleading is filed in the case. General Order 17-08 ¶ 6. The Court may defer the initial MIDP discovery responses, "one time, for 30 days if the parties jointly certify to the Court that they are seeking to settle the case and have a good faith belief that it will be resolved within 30 days of the due date for their responses." *Id.*

**Accordingly,**

**IT IS ORDERED** that the Motion to Consolidate (CV 19-415 TUC DCB (Doc. 5) is GRANTED.

**IT IS FURTHER ORDERED** that CV 19-418 TUC JAS shall be transferred to this Court and shall be from this time forward captioned as CV 19-418 TUC DCB.

**IT IS FURTHER ORDERED** that CV 19-415 TUC DCB shall be consolidated with CV 19-418 TUC DCB. All future filings shall bear the captions for both cases, but the lead case shall be CV 19-415 TUC DCB. All future filings shall be under the case number CV 19-415 TUC DCB.

**IT IS FURTHER ORDERED** that the extension of time granted in CV 19-418 TUC JAS (Order (Doc. 7) is VACATED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall term the Motion to Consolidate (Doc. 5) pending in CV 19-418 TUC DCB.

**IT IS FURTHER ORDERED** that the Motion to Extend time to file responsive pleadings (Doc. 6) is GRANTED.

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| 1 | **IT IS FURTHER ORDERED** that the deadline for Defendants to file responsive |
| 2 | pleadings is extended, one time, to September 29, 2019. NO FURTHER EXTENSIONS |
| 3 | OF TIME FOR FILING THE RESPONSIVE PLEADINGS WILL BE GRANTED. |
| 4 | Dated this 9th day of September, 2019. |

_____
Honorable David C. Bury
United States District Judge