1   **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                 **FOR THE DISTRICT OF ARIZONA**

8

9    Mark David Brown,                        No. CV-19-00415-TUC-DCB

10                 Plaintiff,

11   v.

12   Alfred B Guinee, et al.,

13                 Defendants.

14   Edward Peltz,                            No. CV-19-00418-TUC-DCB

15                 Plaintiff,

16   v.

17   Alfred b. Guinee, et al.,                **ORDER**

18                 Defendants.

19

20

21          Plaintiffs proceed pro se in this civil rights action, which they initiated in state court

on August 22, 2019, and which was removed here by the Defendants. On September 27,

22   2019, the Plaintiffs filed a Consolidated Amended Complaint. Allegedly, the Plaintiffs

23   were filming a documentary in the customer service area of the Tucson City Justice Court

24   about alleged abuses suffered by a friend, Anthony Potter, there. Plaintiffs allege they have

25   a First Amendment right to freely record the public areas of the Justice Court, which was

26   violated when the City, through its administrators, adopted policies and practices which

27   considered this activity to be workplace harassment and precluded it. They allege that

28   Defendants, Tucson City Police Officers, arrested them for trespass, without probable

1    cause, seized their cell phones and used excessive force, all in violation of the Fourth

2    Amendment to the United States Constitution. (Consolidated Amended Complaint (Doc.

3    11)).

4         On February 24, 2020, the Court issued a case management scheduling Order setting

5    August 7, 2020, as the deadline for completing discovery and September 11, 2020, as the

6    date for filing dispositive motions, with a proposed pretrial order due on October 23, 2020,

7    in the event of no dispositive motions. (Order (Doc. 26)).

8         On May 27, 2020, the Plaintiffs filed a Motion to Compel Answers to Interrogatories

9    and Requests for Admissions. (Doc. 29.) Generally, the Plaintiffs argued that the majority

10   of interrogatories had not been responded to by the Defendants and not even signed by

11   them. Instead, the City Attorney had made objections to many of them or gave a partial

12   answer and noted that answers would be supplemented. (Motion to Compel (Doc. 29) at

13   7.) The Defendants responded that due to COVID-19, the City Attorney's office had been

14   transitioning to working at home, and the Defendants' attorney had asked Plaintiffs for

15   additional time to obtain completed interrogatories from her clients. When Plaintiffs

16   refused the requested extension of time, she had submitted the answers as-is with

17   objections or noted there would be supplementation of answers. She reported that the

18   interrogatories would be completed by June 19, 2020, with the exception of Officer Wilson,

19   who was then on active-duty military status. Tentatively, Officer Wilson would provide

20   responses by August 1, 2020. Plaintiffs' Reply was due June 17, and when no Reply was

21   filed, the Court assumed that the interrogatories had subsequently been answered to the

22   Plaintiffs' satisfaction.

23        On August 7, 2020, the Defendants filed a Motion to Extend [Case Management]

24   Deadlines (Doc. 34.) Defendants seek to extend deadlines for expert disclosures and for

25   discovery to end October 30, 2020. They seek to conduct lay depositions, thereafter, in

26   November, with the dispositive motion's deadline moved to January 15, 2021. The

27   Plaintiffs, however, filed their dispositive motion when due on September 11, 2020, (Doc.

28   41), and object to the proposed extensions to the case management deadlines. Plaintiffs

1    request sanctions against the Defendants by deemed admissions because Defendants failed

2    to timely respond and complete discovery. (Response (Doc. 37.) Defendants object to the

3    Plaintiffs' Response to the Motion to Extend the Case Management dates and ask that it be

4    stricken as an improper motion to compel because there is no certificate of conferral to

5    support it. (Ds Reply (Doc. 39)). The Defendants ask the Court to strike it, *id.,* and to defer

6    ruling on the Plaintiffs' Motion for Summary Judgment until discovery is completed

7    pursuant to the extended deadlines. (Doc. 43.) The Court grants the Defendants' motions

8    to extend the case management deadlines and to defer ruling on the Plaintiffs' dispositive

9    motion until discovery is complete. The Court orders the Defendants to completely answer

10   the Plaintiffs' propounded discovery requests and, thereafter, affords the Plaintiffs an

11   opportunity to revise their dispositive motion, accordingly.

12       It appears that discovery disputes remain regarding Defendants' answers to

13   Plaintiffs' interrogatories and Requests for Admissions. The Court will rule on the those

14   that have been raised with some specificity by the Plaintiffs. *See* (Motion to Compel (Doc.

15   29); Motion for Sanctions (Doc. 37)).

16       First, all Defendants shall sign all answers to Requests for Interrogatories and

17   Requests for Admissions.

18       Second, the parties appear to be at odds over answers to Interrogatory Number 5,

19   which, paraphrased, asks whether the City ever distributed or required reading or review

20   of any materials concerning: 1) making arrests or otherwise seizing criminal suspects; 2)

21   determining whether there is probable cause for an arrest; 3) use of force; 4) investigation

22   of a crime scene; 5) police abuse and misconduct; or 6) state or constitutional law? If so,

23   state each: a) the title, author, and publication date of each such piece of material and the

24   date when materials were given to you; b) whether you actually read or reviewed the

25   materials and date of the reviews, and c) any test of the material given to you and the

26   results. The Defendants reportedly objected to this question because it is overly broad and

27   unduly burdensome.  It is overly broad to the extent it asks for training related to crime

28   scene investigation, police abuse and misconduct generally, and Fourth Amendment law

1   generally. The Defendants shall answer the interrogatory narrowed to officer training for

2   Fourth Amendment law as it relates to Arizona's trespass law and excess use of force. Both

3   are the subjects of this lawsuit and the City's training and practices are at issue under the

4   *Monell* claim.

5          Third, the answer shall be amended for Sergeant Guinee to the Request for

6   Admission No. 5: Admit or deny that his training indicates that every seizure of any

7   criminal suspect must be based on his reasonable belief that a crime has been or is about to

8   be committed by that suspect. He answered that he has been trained in the Fourth

9   Amendment. The City Attorney explains this answer is because Plaintiffs' Request

10  "misstates the law." (Response to Motion to Compel (Doc. 30) at 2.) Defendant Guinee's

11  answer shall be amended to reflect a denial because the Request "misstates the law." The

12  answer to Request for Admission 6 shall be similarly amended. Defendant Guinee has

13  properly answered Request for Admission No. 10 by asserting that he has no personal

14  knowledge regarding Chris Hale's desires or state of mind and this question calls for

15  speculation. He also properly answers Requests for Admissions 21 and 23 that he has "no

16  personal knowledge," because he avers that he was not present when the requests for

17  Plaintiffs' phones were allegedly made by officers. While it may be helpful for Defendant

18  to have complied with Fed. R. Civ. P. 36(a)(4) and asserted that he made reasonable inquiry

19  and the information he knows or can readily obtain is insufficient to enable him to admit

20  or deny this, the Court finds that any such inquiry would not have produced the type of

21  valuable first hand evidence sought through the Rule 36(a)(4) inquiry.

22         Fourth, the Court addresses the Plaintiffs' assertion that answers by the Defendants

23  were simply conclusions and opinions and failed to be responsive to Plaintiffs' requests for

24  FACTS. Plaintiffs refer to Interrogatory 10, which asked: "do you contend that on either

25  May 30th, January 11th, January 24th, and February 6th there was probable cause to arrest

26  the Plaintiffs? If so, state each FACT that supports your conclusion that probable cause

27  existed." ((Response to Motion to Extend Deadlines (Doc. 37) at 4-5.) Plaintiffs object to

28  descriptions like: "plaintiffs were disrupting the operations of Tucson City Court" and

1   "causing alarm amongst both the city personnel and members of the public." Plaintiffs

2   describe such answers as evasive because they do "not contain a single fact relevant to

3   probable cause for trespassing, despite the fact that he arrested the Plaintiffs for trespass."

4   *Id.* at 5. In short, Plaintiffs have a legal theory of the case that probable cause for an arrest

5   for trespass only exists if the arrestee has been told he or she has to leave and, then, refuses

6   to do so. Whether this legal theory bears fruit for the Plaintiffs remain to be seen. Whether

7   in keeping with Plaintiffs' theory of liability or not, an answer describing the officer's

8   opinion why he or she arrested the Plaintiffs is responsive to the question.

9          Finally, the Plaintiffs assert that through all this discovery, the Defendants answers

10  have been so evasive that Plaintiff Brown still does not know the identities of all the officers

11  who forced him to the ground and which officers grabbed his arm and injured his rotator

12  cuff, despite all the interrogatories which require the City's answers to exactly that

13  question. (Response to Motion to Extend Deadlines) (Doc. 37) at 3.) Plaintiffs are certainly

14  entitled to this discovery, but without having the actual questions and answers before it,

15  the Court cannot discern where or why this information has not been revealed. This is why

16  Motions to Compel require the moving party to set forth, "separately from a memorandum

17  of law, the following in separate, distinct, numbered paragraphs: 1) the question

18  propounded, the interrogatory submitted, the designation requested or the inspection

19  requested; 2) the answer, designation or response received, and 3) the reason(s) why said

20  answer, designation or response is deficient." LRCiv. 37.1. This was not done in the

21  Plaintiffs' Motion to Compel.

22         The Court's extension of time allows the parties to resolve any remaining discovery

23  disputes in compliance with relevant rules. Any new motion to compel shall be in full

24  compliance with LRCiv. 37.1, which is described above and available on the Court's

25  internet website under the Rules tab. There shall also be full compliance with the provision

26  /////

27  /////

28  /////

- 5 -

that the parties certify they have conferred in an attempt to resolve the discovery dispute. Fed. R. Civ. P.37(a)(1). Failure to fully comply with LRCiv. 37.1 or Fed. R. Civ. P. 37(a) shall result in the Court's denial of the motion to compel.

**Accordingly,**

**IT IS ORDERED** that the Plaintiffs' Motion to Compel (Doc. 29) is DENIED for failing to comply with LRCiv. 37.1 or Fed. R. Civ. P. 37(a), but the above directives are provided to assist the parties in resolving the discovery disputes reflected in the Motion to Compel.

**IT IS FURTHER ORDERED** that the Plaintiffs' Motion for Sanctions (Doc. 37) is DENIED.

**IT IS FURTHER ORDERED** that the Defendants shall have 21 days from the filing date of this Order to supplement the answers to Requests for Admissions or Interrogatories to comply with the general directives contained in this Order and return them to the Plaintiffs.

**IT IS FURTHER ORDERED** that the Plaintiffs shall have 30 days to review those answers, confer with the Defendants regarding any disputes, and file a Motion to Compel with this Court, if necessary.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Extend Case Management Deadlines (Doc. 34) is GRANTED as follows: 1) Plaintiff's rebuttal to any expert report disclosure, having been made by October 15, 2020, shall be made by November 15, 2020; 2) depositions shall be completed by January 1, 2021. Discovery shall end on January 1, 2021. The Court sets this lengthy time for the parties to complete the remaining discovery because of the holidays and COVID-19 complications which hinder the taking of depositions. The Court resets the dispositive motions deadline to February 1, 2021.

**IT IS FURTHER ORDERED** that the Motion to Defer Ruling on Plaintiffs' Motion for Summary Judgment (Doc. 43) is GRANTED and the motion (Doc. 41) is

/////

1    STRICKEN, without prejudice to it being revised and refiled subsequent to completion of

2    the discovery being allowed here.

3

4         Dated this 2nd day of November, 2020.

5

6

7
                                                          David C. Bury
8                                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28