**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark David Brown, | No. CV-19-00415-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Alfred B Guinee, et al., | |
| Defendants. | |

Discovery closed in this case on January 1, 2021. On December 14, 2020, the Plaintiffs filed a Motion to Compel answers to Interrogatories. (Doc. 49.) The interrogatories were addressed, generally, by this Court on November 3, 2020, when the Court denied a previous Motion to Compel because Plaintiffs failed to certify they had conferred with Defendants to resolve the discovery issues as required by Fed. R. Civ. P.37(a)(1) and failed to comply with LRCiv. 37.1, which requires presentation "by separate memorandum in separate, distinct, numbered paragraphs: 1) the question propounded, the interrogatory submitted, the designation requested or the inspection requested; 2) the answer, designation or response received, and 3) the reason(s) why said answer, designation or response is deficient."

Plaintiffs have generally argued that Defendants have failed to supplement answers that Defendants had themselves identified as needing supplementation. Defendant's counsel explains that the need for supplementation was noted on original responses and when supplementing the responses, the Defendants added the supplemental response

1    without removing the prior notation. Hence, the original notation for a need to supplement

2    was not removed from the record, but the duty to supplement answers has been met.

3        The Court rejects the notion that Defendants' notes to supplement an interrogatory

4    implies an admission by a Defendant that supplemental information exists and, therefore,

5    supplementation should be compelled by the Court. In keeping with LRCiv. 37.1, this

6    Court considers the question of whether to compel further disclosure in the context of

7    substantive arguments made by the Plaintiffs.

8        Interrogatories 1, 2, and 18 seek personal information such as the Defendant

9    officers' residence address, date and place of birth, Social Security number, marital status,

10   driver's license number, employer, and badge number. These interrogatories seek financial

11   information such as bank accounts and descriptions of other assets and property Defendants

12   own or co-own, including but not limited to accounts, stocks, bonds, IRAs, pensions,

13   present value of life insurance policies, real estate, vehicles of any type, including

14   automobiles motorcycles, boats, airplanes, and any other property of any value, titled or

15   not titled.

16       The Defendants have provided their full names and badge numbers, but object based

17   on privacy interest to release additional personal information. This personal information,

18   including financial information, is subject to exploitation and not relevant unless the

19   Plaintiffs prevail on their claim for punitive damages against the Defendants. In the event

20   liability for punitive damages is established, this discovery may be reurged.

21       Interrogatories 3 and 6. Interrogatory 3 asked for employment history since high

22   school, including job descriptions and names of supervisors, and reasons for leaving prior

23   employment. Interrogatory 6 asked if Defendants have ever been or are currently the

24   subject of or the defendant in an inquiry, complaint, disciplinary action or other

25   administrative action or lawsuit either civil or criminal, and if so, the Plaintiffs asked for

26   the names of the complaining parties.

27       In response to Interrogatory 3, the Defendants provided their law enforcement and

28   security employment histories but did not include names of supervisors and did not provide

the reasons for leaving prior employment. In response to Interrogatory 6, the Defendants gave answers going back five years because that covers the tenure of the current administration and their policies and practices, including those related to excessive use of force. This case is not, however, only a *Monell* claim. It is relevant whether any of the individual Defendant officers has a history of work-related improprieties, especially any involving abuse of power such as excessive use of force. Interrogatory 6 will capture this relevant evidence, if any exists. Defendants may not, however, obtain the names of any third-party complainants. This requested disclosure raises privacy concerns, and there are other ways to obtain relevant evidence in the event any responses to Interrogatory 6 require further discovery.

The Court rejects the remainder of the Plaintiffs' challenges to the Interrogatory responses because Defendants have provided the relevant evidence requested by the Plaintiffs, including information regarding which Defendants were involved in which incidents and what each Defendant did or saw during the respective incident. The Defendants each answered the interrogatories based on their own personal knowledge. As the Court understands the City's response to the Motion to Compel, it has disclosed all body camera recordings for each officer for each incident and all Defendants' police reports written for each incident. *See* Interrogatory 8, 10, 11.

The City has given its training materials to the Plaintiffs on a flash drive and disclosed the General Order governing its use of force policy. *See* Interrogatory 5, 9, 12.

The City's Response to the Motion to Compel reported that the parties had met and conferred regarding the issues raised by the Plaintiffs and that by January 4, 2021, it would supplement certain responses for Chief Magnus regarding civil complaints and use of force complaints. There was no Reply filed by the Plaintiffs to the assertions made in City's Response.

**Accordingly,**

**IT IS ORDERED** that the Motion to Compel (Doc. 49) is DENIED IN PART AND GRANTED IN PART, as follows: Defendants shall answer Interrogatory 6, without the

1   five-year limitation, and which shall report if any prior employment was terminated related

2   to any such inquiry or claim.

3   **IT IS FURTHER ORDERED** that the Defendants shall have 21 days to respond

4   to Interrogatory 6.

5   **IT IS FURTHER ORDERED** that any dispositive motion by Defendants shall be

6   filed by March 8, 2021. The City's Response to the Plaintiffs' Motion for Summary

7   Judgment shall be due on March 8, 2021. All other response and reply time frames are

8   governed by LRCiv. 7.2.

9   Dated this 19th day of January, 2021.

David C. Bury
United States District Judge